Mr. Kovacevic. Thank you, Your Honors. As the court mentioned, I'm Bob Kovacevic, both the attorney for the appellants and also pro se. We now know that there has been no employment tax credit, the self-employment tax has not been credited against the employment tax of Western Management or vice versa. Recently, Your Honor? After the remand, if I understand your question right, Your Honor, there was a question of whether or not there was a credit of one against the other. Yes. And what was your question, Your Honor? I had understood that the point that you were making to us was that this issue had been decided or not been decided. That's right. The remand, of course, two out of three. Either a remand or by the tax court or by anyone else. That's right, Your Honor. Of course, two of the three of Your Honors were on that panel and the question up here was whether there had been a credit. Well, but what the Court of Federal Claims found that there had been a credit against your income tax liability. That's the question, Your Honor. No, that's what the Court found, right? That's correct. And is that factually inaccurate? It's partially inaccurate, Your Honor, for this reason. The 95 credit of the self-employment tax was, of course, for a full year. The government said that claim, that self-employment tax credit against your personal income tax, was for the first quarter. Only the first quarter of 1995 is here involved. The government says 100% goes against the first quarter. My argument here is, even if the court adopts that, in the personal case we had, Tax Court Memo 2009-160, the So there is a question even if the court takes that. I can't sit here and say I can read Your Honor's mind as to what you meant, but I am arguing that the statute says that such a credit... I understand that, but is it not correct that there was no evidence that you didn't get a credit against the income tax? When we argued it here the last time, yes, Your Honor, and now there was a personal income tax for the self-employment tax. That is correct. And you say that's not what the mandate required, that it had to be a credit against the employment tax against Western, right? Right, and then I'm arguing additionally that the 100% penalty that I paid personally should also be a credit because 6521 opened the door, Your Honors, and say there's a new case, Dixon v. CIR, that came down just in September of last year in the United States Tax Court. It's 141 TC number 3. If the court will allow me, I'm going to send a 28-J on the weekend with that citation. That case was closely held company and it held that the credits were applied to the individuals by directed payment. And it's an entire full court opinion, probably the most comprehensive case ever written on these credits back and forth. It held that the income tax credit didn't matter. It also, or I shouldn't say it held, it observed that it's section 1, oh wait a minute, it's the title 1 that involves income tax and title 2 and title 24 involves employment tax. It also held that regardless of the statutes, the government by long-standing policy cannot collect twice. Here the government has collected twice. I submit to Your Honor, the credit against income tax was made despite my objection and I contend that there's no jurisdiction to defeat a Social Security pension, that's what I raised in the question, a Social Security pension by giving an income tax credit that I didn't agree to. Again, that's what the money is paid for is to get a pension and it's an elective idea is if you have to qualify. So that's what I'm arguing here, Your Honor, and I think that I'm right and especially I don't want to keep referring to a case that is brand new because no one has a chance to read it, but that's especially what is held in the Dixon case. Just briefly, Dixon, they didn't file any returns. They owed 23 million dollars. Would you tell the government that you're going to bring up the Dixon case this morning? I don't know, Your Honor, I haven't talked to the government lawyer. Well, you're not supposed to come here and bring up a new case without telling opposing counsel about it. Well, Your Honor, I should have, but the 28-J I thought would be allowable We'll receive your writing and I think before you send it to us, check with the government so that any response comes to us at the same time as we get your communication and so that we can look at it all at once. Thank you, Your Honor. I also submit the due process argument has some teeth to it for the reason that this didn't allow these issues to come up as to how the government credit against the income tax, whether it should be one-half or one-fourth each quarter. Again, the Social Security self-employment tax is paid for a full year. I don't think it should be even at any quarter for the reason that it's determined at the end of the year. Hypothetically, I could have lost money in the last three quarters and there'd be no tax payable. So I think that also is a there was no ability to really develop by discovery how the government credit. The case that court just allowed me to send in a 28-J said the government credited it wrong and so again I won't dwell on that. I submit to Your Honors that this case should probably be sent back to determine what credits are what I do not want to retreat from the fact the statute only allows self-employment against employment taxes. It says at 6521A3, one such tax, and it says again one such tax. I still contend, I realize that maybe the court doesn't agree with me, that you can only take self-employment against employment taxes. Whether or not there was an income tax credit, to me personally, doesn't defeat this 6521 crediting. I came on to this case only recently, but I am clearly bound under a law of the case principle by the prior decisions and it seems that you're asking me to revisit that prior decision because the prior decision held and I'm quoting the Kovacevichs, am I saying your name right? That's correct, Your Honor. The Kovacevichs are not entitled to a credit against Western's corporate liability, but they are potentially entitled to a credit against their individual liability resulting from the alter ego determination. But now it seems that you're appealing saying you think a credit should have been applied against Western's corporate liability. And whether, even if I thought you were right, I don't see how I have the power to give you what you're asking for because the prior court explicitly decided that issue and said the remand was limited solely to deciding whether you personally could get a credit. And so I don't see how I can retread over already well-tread ground. Your Honor, I submit that you can allow a credit because the court of claims held that they allowed a counterclaim by the government requiring me to pay Western Management's taxes. That's what the judgment against us individuals is on a counterclaim where in effect made us a guarantor of Western Management taxes. Was that counterclaim somehow filed after our remand? No, before. I guess this is my point. The prior panel had all of this information and nonetheless concluded that the Kavasovic's are not entitled to claim a credit against Western's corporate liability. So you're retreading based on no new evidence it seems to me. So I'm not sure how I can reconsider something that was before the prior panel and decide it. If Western Management doesn't have a liability because it has been paid, it's a reduction of the judgment of Western Management that the counterclaim said that we had to pay because we were alter egos of Western Management. So I think the court, this court, has ample authority to say look that didn't exist because the credit has been made. And therefore individually I don't know the Western Management because the credit has to be made. And the prior decision in the Ninth Circuit on Western Management said a credit was to be allowed. I'll reserve the rest of my time. Thank you Mr. Kavasovic. Moriarty. May it please the court, I'm Regina Moriarty and I represent the United States. Are you familiar with the Dixon case? No, I've never heard of it so I can't comment on it at all. But I'd be happy to take a look at it when he gives me the citation to that. I think as is clear here this morning that the only one issue that the case was sent back for was to see if the Kavasovic's had received any credit for the amount that they claimed on their 94 and 95 tax returns and self-employment taxes. And I think the evidence that the government submitted showed that consistent with all the other cases that have been before the Ninth Circuit that Mr. Kavasovic, that the IRS treated Mr. Kavasovic as an employee, not as an independent contractor, and any amount that he reported as self-employment tax was applied to his deficiencies in income tax for 1994 and 1995. So he never paid any self-employment tax for those years. So when you look at 6521 and it talks about basically offsetting the self-employment tax against that the worker has paid versus what the corporation would be due, he hasn't paid anything. So there's nothing there for him to reduce. He's gotten full credit for the amounts that he submitted to the IRS. The IRS just took those payments as they're allowed to do under Section 6402 and applied those to his outstanding income tax deficiency. I'd be happy to walk through any of those figures if the court had any questions. I think we discussed them in our brief pretty Thank you, Ms. Moriarty. Mr. Kavasovic, you can have the last word for a couple of minutes. Your Honor, if I understood Ms. Moriarty right, she said that we never paid any self-employment tax. We paid every year self-employment tax with our individual returns. So forever we paid self-employment tax. So I think she misspoke. I'm not trying to argue with what she said, but I think she meant that the Western management hadn't paid its employment tax. It's not material here, but it actually filed the thing. She's saying you didn't pay the self-employment tax. Pardon, Your Honor? She's saying you didn't pay the self-employment tax because you got a credit for the payments that were made against the income tax. I guess it's terminology. We paid it every year with the tax return. Then after an audit, the government, over our objection, gave what I'll say is a partial credit against the income tax. So definitely we paid. Also, the argument is that I was an employee. This is ancient history. But Judge Foley, who agreed in the Dixon case, said that since I was to be the president of the corporation, that made me an employee. He never held that a president had to be in the business of being a president in order to have self-employment or in order to have wage income. That's ancient history. I'm just trying to straighten out the record. It was solely because I'm dependent as a solo attorney, obviously, on the income I earn in order for the company to complain, which is the epitome of an independent contract. I apologize. That's kind of ancient history that's not before this court. But I do want to make the point, Western Management always paid income tax on the income that it paid and earned. And then the government put the Western Management income onto my income. There was no evasion of any tax involved here. It was paid by one or the other. An income tax was paid. I never got the income tax back that Western Management paid. So the fact of, I'm saying it, it's been paid two or three times. I think the government has $80,000 more of my money than it's ever collected. It's been overcollected that much. The government has never credited my Social Security earnings record with any of this money. Thank you. And I was just going to ask, if you're going to send something to us, can you manage within, let's say, one week? Yes, I'll do it within the weekend, Your Honor, and I'll FedEx it so it gets here. Okay. Thank you. All right. Thank you both. Case is taken under submission. All rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock a.m.